SUCCESSION OF JOHN M. A. HAMBLIN—ELIZA W. HAMBLIN, Administratrix, Appellant.

Letters of executorship, under the hand and seal of the Judge of the Court of Probates, are conclusive evidence of the facts they purport to establish ; nor can the jurisdiction of the judge be inquired into collaterally.

A case will not be remanded, after appeal, on an affidavit of newly discovered evidence. The court cannot notice any thing which may have occurred subsequent to the date of the judgment appealed from.

A partnership formed for the purpose of purchasing timber, sawing it, and selling it for a profit, is, under art. 2796 of the Civ. Code, a commercial one.

THIS is an appeal from a decision of the Court of Probates of Ouachita, *Lamy*, J., and was submitted without argument, by *Mc-Guire*, for the appellant, and *Garrett*, for the appellees.

MORPHY, J. The administratrix of the estate of the late John M. A. Hamblin, having refused to allow as a just debt, a balance of $438 99½ on a running account, claimed by Layton & Co., this suit was brought to obtain judgment against the estate for this amount. The money is alleged to be due for goods, wares, and merchandize, furnished for the special use and benefit of the commercial firm, styled " The Monroe Steam Saw-Mill Company," which was composed of the following individuals, to wit, Henry M. Bry, Solomon W. Downs, James W. Mason, John T. Faulk, and the said John M. A. Hamblin. Judgment having been rendered for the amount claimed, with interest from the date of the death of Hamblin, the administratrix has appealed.

Pending the appeal, Robert Layton, one of the firm of Layton & Co., the appellees, died, and the cause was continued to make his representatives parties to it. At this term of the court, Margaret N. Layton and Isaac T. Preston, moved to be permitted to appear in the suit as the executrix and executor of the deceased, and produced letters testamentary from the Judge of Probates of the parish of Jefferson. This motion was opposed by the appellant, who denied the capacity they assumed. She prayed that the case might be sent back to try the issue thus presented, and for the further purpose of allowing her an opportunity of proving that the late Robert Layton had acknowledged in writing that the debt sued on was not due to him by the deceased, but by J. & J. W. Mason. In support of this application, her counsel made an affidavit, setting forth certain facts, and stating that the evidence to establish them had been discovered since the trial in the Court of Probates, and since the granting of the present appeal. Letters of executorship, under the seal and signature of the Probate Judge, exhibit, in our opinion, such evidence of the fact they purport to establish, as renders any other proof unnecessary ; nor can we inquire collaterally into the jurisdiction of the Court of Probates, from which these documents have issued. In relation to the motion to send back the case on the ground of newly discovered evidence, we should not feel authorized to grant it, even were the

affidavit submitted to us much stronger than it is, as we cannot notice any thing that has occurred subsequent to the rendition of the judgment appealed from.

On the merits, the evidence clearly establishes the claim of the appellees. The articles furnished by them are shown to have been received and consumed by the Monroe Saw-Mill Company, in carrying out the objects of the partnership, of which the deceased was a member. It has been urged that the partnership was not a commercial, but an ordinary, one ; that one partner was not authorized to contract for and bind the others ; and that, if bound at all, the estate is liable only for the share of the deceased. The partnership was clearly a commercial one, It is proved that the principal business of the Company consisted in buying timber, sawing it, and selling it for profit. This, under the Civil Code, constitutes a commercial partnership. Civ. Code, art. 2796. 14 La, 244, 15 Ib. 287.

*Judgment affirmed,*